UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGAN WAGGENER VAN METER,<br><br>Plaintiff,<br><br>v.<br><br>MONDELEZ INTERNATIONAL, INC.,<br><br>Defendant. | Case No. 24-cv-00565-AMO<br><br>**ORDER GRANTING MOTION TO TRANSFER**<br><br>Re: Dkt. No. 53 |

Before the Court are Defendant Mondelez International, Inc.'s motions to transfer and dismiss and Plaintiff Megan Waggener van Meter's motion to strike. ECF 27, 49, 53. The motions are fully briefed and suitable for decision without oral argument. *See* Civil L.R. 7-6. Having carefully reviewed the parties' papers and the relevant legal authority, the Court **GRANTS** Mondelez's motion to transfer the case to the Northern District of Illinois for the reasons set forth below. Accordingly, Mondelez's motion to dismiss and Waggener van Meter's motion to strike are **DISMISSED AS MOOT**.

**I.    BACKGROUND**

On January 30, 2024, Waggener van Meter filed this putative class action against Mondelez, alleging the snack food and chocolate company engages in deceptive labeling that misleads consumers into believing its products are procured in accordance with environmentally and socially responsible standards. Compl. (ECF 1) ¶ 4. Waggener van Meter is a California citizen and Alameda County resident who "regularly purchased Mondelez's products, including but not limited to Gluten Free Oreos and Toblerone bars" at least once a month for over four years. Compl. ¶ 62. These products were labeled with statements such as "100% SUSTAINABLY SOURCED COCOA" and "through our partnership with Cocoa Life we help

1    support sustainable farming." Compl. ¶ 62. Waggener van Meter would not have bought the
2    products bearing those labels had she known the products were not sourced from sustainable
3    farming practices. Compl. ¶¶ 4, 64. She would like to buy the products in the future if and when
4    they are produced as advertised. Compl. ¶ 10.

Waggener van Meter's complaint alleges violations of the California Consumers Legal Remedies Act (Count 1) and Unfair Competition Law (Count 2) as well as unjust enrichment (Count 3), and she seeks to represent a class defined as "[a]ll United States residents who purchased Mondelez Products marked with the 'Cocoa Life' seal, 'sustainably sourced,' '100% sustainable,' 'improv[ing] the lives of farmers,' or any other false sustainability claims within the United States during the four-year period preceding the filing of the instant Complaint to the date of judgment." Compl. ¶¶ 65, 77-116. On April 1, 2024, Mondelez moved to dismiss the complaint. ECF 27. On June 24, 2024, Mondelez filed a statement of recent decision, ECF 48, which Waggener van Meter moved to strike, ECF 49. On September 13, 2024, Mondelez moved to transfer the case to the Northern District of Illinois. ECF 53.

## II.    LEGAL STANDARD

A motion to transfer an action to another district under 28 U.S.C. § 1404(a) lies within the district court's broad discretion and must be determined on an individualized basis. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). "Section 1404(a) requires the court to make a threshold determination of whether the case could have been brought where the transfer is sought. If venue is appropriate in the alternative venue, the court must weigh the convenience of the parties, the convenience of the witnesses, and the interest of justice." *State v. Bureau of Land Mgmt.*, 286 F. Supp. 3d 1054, 1059 (N.D. Cal. 2018). The moving party must make a "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum" by showing private factors relating to "the convenience of parties and witnesses" and public factors relating to "the interest of justice" warrant transfer. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). The public and private factors courts should consider include:

> (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the

2

applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

*Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001); *see also Jones*, 211 F.3d at 498-99.

### III. DISCUSSION

Mondelez moves to transfer this case to the Northern District of Illinois in light of a similar case currently pending in that district, *Gollogly v. Mondelez Int'l, Inc.*, No. 24-cv-7368 (N.D. Ill. Aug. 16, 2024). *Gollogly* asserts breach of express warranty and unjust enrichment claims, as well as claims under the Illinois Consumer Fraud and Deceptive Business Practices Act and the Illinois Deceptive Trade Practices Act, on behalf of a nationwide class for Mondelez's allegedly misleading labeling regarding its sourcing and sustainability practices. Mondelez argues *Gollogly* and the instant action are "mirror images of each other" that should not be allowed to proceed simultaneously in two different districts. ECF 57 at 8.[1]

The threshold determination is easily made. As Mondelez's principal place of business is Chicago, which lies in the Northern District of Illinois, this action could have been filed there in the first instance. Waggener van Meter does not dispute this, and thus concedes the issue. *See Ardente, Inc. v. Shanley*, No. C-07-4479-MHP, 2010 WL 546485, at *6 (N.D. Cal. Feb. 9, 2010) ("Plaintiff fails to respond to this argument and therefore concedes it through silence.").

The Court thus proceeds to weigh the private and public factors, beginning with the plaintiff's choice of forum. "Although it is not a statutory requirement, the Supreme Court has placed a strong emphasis on the plaintiff's choice of forum." *Bureau of Land Mgmt.*, 286 F. Supp. 3d at 1063; *see Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981) ("[T]here is ordinarily a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum").

---

[1] On September 27, 2024, Waggener van Meter filed a motion to intervene in the *Gollogly* action and stay those proceedings pursuant to the first-to-file rule. Gollogly opposed the motion, and Mondelez opposed the motion to stay, but took no position as to whether Waggener van Meter was entitled to intervene under Federal Rule of Civil Procedure 24(b). As of the date of this Order, the motion remains pending.

3

However, "when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (citations omitted). Moreover, "[i]f the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [the plaintiff's] choice is entitled to only minimal consideration." *Id.*; *see Burgess v. HP, Inc.*, No. 16-CV-04784-LHK, 2017 WL 467845, at *6 (N.D. Cal. Feb. 3, 2017) ("[D]eference is substantially diminished in several circumstances, including where . . . the conduct giving rise to the claims occurred in a different forum [or where] . . . the plaintiff sues on behalf of a putative class."). Here, Waggener van Meter's choice of forum is afforded less weight because the case is a putative class action regarding Mondelez's mislabeling, which did not occur in this District. Consequently, this factor weighs against transfer, but only minimally so. *See Reyes v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, No. 14-CV-05596-JST, 2015 WL 1738269, at *3 (N.D. Cal. Apr. 9, 2015) (affording plaintiff's choice of forum less weight in class action where plaintiff filed suit in the district where he resided); *see also Brown v. Abercrombie & Fitch Co.*, No. 4:13-CV-05205-YGR, 2014 WL 715082, at *4 (N.D. Cal. Feb. 14, 2014) (reducing deference given to plaintiff's choice of forum in putative class action where plaintiff did not reside in the district and the majority of the activities alleged in the complaint did not occur in the district).

Second, the Court considers the convenience of the parties. Mondelez argues the Northern District of Illinois is a more convenient venue for the parties, as Mondelez is headquartered in Chicago, and its counsel and Waggener van Meter's counsel are based there. ECF 53 at 17. "Transfer 'should not be granted if the effect is simply to shift the inconvenience to the plaintiff,' " *Halcon v. Hain Celestial Grp., Inc.*, 21-CV-02156-JST, 2021 WL 11701387, at *3 (N.D. Cal. Nov. 19, 2021) (citing *Adobe Sys. Inc. v. Childers*, 10-CV-03571-JR-HRL, 2011 WL 566812, at *9 (N.D. Cal. Feb. 14, 2011)), and Mondelez undoubtedly is "better situated to bear the costs of travel and production than" Waggener van Meter, *Clarke v. Kraft Heinz Co.*, No. 21-CV-2437-RS, 2021 WL 4079176, at *2 (N.D. Cal. Sept. 8, 2021). Nonetheless, Mondelez has offered to take Waggener van Meter's deposition remotely or in California if it is inconvenient for her to travel to Chicago, ECF 53 at 17, which would "reduce the burden placed on [her] by transfer," *Halcon*,

4

2021 WL 11703287, at *3. Thus, accounting for "the relative means of the parties," *Williams*, 157 F. Supp. 2d at 1107, the convenience of parties is a neutral factor. *See Halcon*, 2021 WL 11703287, at *3 (finding this factor neutral where defendant agreed to take plaintiffs' depositions in California, and where most witnesses and all documentary evidence were in the transferee state, so "overall litigation costs would be reduced" by transfer).

Third, "[t]he convenience of the witnesses, particularly non-party witnesses, is often the most important factor" in ruling on a motion to transfer under § 1404(a). *Grossman v. Johnson & Johnson*, No. 14-CV-03557-VC, 2015 WL 1743116, at *1 (N.D. Cal. Apr. 13, 2015) (citing *Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1092 (N.D. Cal. 2002)). However, the "[c]onvenience of a litigant's employee witnesses is entitled to little weight because they can be compelled by their employers to testify regardless of venue." *Brown*, 2014 WL 715082, at *4 (citing cases). To evaluate this factor, "courts must consider not only the number of witnesses, but also the nature and quality of their testimony." *United States ex rel. Tutanes-Luster v. Broker Sols., Inc.*, No. 17-CV-04384-JST, 2019 WL 1024962, at *5 (N.D. Cal. Mar. 4, 2019) (quoting *Metz v. U.S. Life Ins. Co.*, 674 F. Supp. 2d 1141, 1147 (C.D. Cal. 2009)). "[T]he moving party must name the witnesses, state their location, and explain their testimony and its relevance." *Hendricks v. StarKist Co.*, No. 13-CV-729-YGR, 2014 WL 1245880, at *3 (N.D. Cal. Mar. 25, 2014) (quoting *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1193 (S.D. Cal. 2007)).

Mondelez argues that the Northern District of Illinois is more convenient than this District for the likely witnesses in this case, as some of the Mondelez employees responsible for the sustainability programs Waggener van Meter challenges live and work in or near Chicago. ECF 53 at 16. However, Mondelez fails to name the witnesses or explain the nature or quality of their testimony, and Mondelez can compel its employees to testify regardless of their location, so the Court gives less weight to this factor, *Brown*, 2014 WL 715082, at *4, particularly because Mondelez does not suggest it plans to call any non-employee witnesses. *Clarke*, 2021 WL 4079176, at *2. As Mondelez has not shown why the Northern District of Illinois would be "much more convenient" for the likely witnesses, this factor is neutral.

5

Fourth, the Court considers the ease of access to evidence. Mondelez notes that the relevant documentary evidence is in the Northern District of Illinois, while none is in this District. ECF 53 at 17. Waggener van Meter argues that "[w]ith modern technology, the location of documents is nearly irrelevant." ECF 54 at 14. Indeed, "[t]he inconvenience of transferring relevant evidence is . . . not dispositive where, in the digital age, 'ease of access is neutral given the portability of [electronic discovery].' " *Clarke*, 2021 WL 4079176, at *2 (citing *Alul v. Am. Honda Motor Co., Inc.*, No. 16-CV-4384-JST, 2016 WL 7116934, at *2 (N.D. Cal. Dec. 7, 2016)). Nonetheless, courts have favored transfer to the case's "center of gravity" – where the key witnesses and documents are located – because of the overall reduction of litigation costs that results. *Halcon*, 2021 WL 11701387, at *4. Because the Northern District of Illinois is the "center of gravity" of this case, the fourth factor slightly favors transfer. *See id.*

Fifth, while Waggener van Meter's complaint alleges violations of California law, "[f]ederal courts have equal ability to address claims arising out of state law," and accordingly "this factor is neutral." *Bloom v. Express Servs. Inc.*, No. C-11-00009-CRB, 2011 WL 1481402, at *5 (N.D. Cal. Apr. 19, 2011); *see also Rabinowitz v. Samsung Elecs. Am. Inc.*, No. 14-CV-801, 2014 WL 5422576, at *7 (N.D. Cal. Oct. 10, 2014) ("[T]his factor is to be accorded little weight . . . because federal courts are deemed capable of applying the substantive law of other states.").

Sixth, Mondelez argues the Northern District of Illinois has an interest in adjudicating disputes involving businesses headquartered within the District. ECF 53 at 14. Waggener van Meter argues that California likewise "has an interest in regulating transactions within its borders," particularly as it is "often a leader on environmental and social justice issues." ECF 54 at 14. Waggener also argues that, as the most populous state, California likely has the most class members, and is thus "likely the most interested state in adjudicating this dispute." ECF 54 at 15. However, as Mondelez notes, "this would suggest that California *always* has a greater interest in adjudicating mislabeling cases than any other state," ECF 57 at 9-10, and Waggener van Meter presents no authority in support of that contention.

Ultimately, both venues have an interest in adjudicating this dispute. "On one hand, California has a strong interest in enforcing its laws to protect its residents" like Waggener van

6

Meter. *Clarke*, 2021 WL 4079176, at *3. On the other, "Illinois has a countervailing interest in adjudicating disputes involving companies headquartered there" like Mondelez. *Id.* Because both states have an interest in this dispute, this factor is neutral. *See id.* (finding California and Illinois's interests offset each other, as Illinois was capable of interpreting California's laws to protect California citizens, while Illinois's territorial interests were lessened by the fact that the plaintiffs lived and purchased the relevant products in California); *see also Halcon*, 2021 WL 11701387, at *4 ("Given the local interests in both districts, this factor is neutral.").

Seventh, the Court considers the feasibility of consolidation of the cases, which is "a significant factor in a transfer decision." *A. J. Indus., Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 503 F.2d 384, 389 (9th Cir. 1974) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 644 (1964)). Both cases arise from the same operative facts, which Waggener does not contest. *See* ECF 54 at 8 ("There is no dispute that *Gollogly* constitutes a duplicative action."). Thus, transfer of this case to the Northern District of Illinois would make consolidation of the two actions feasible. In fact, the *Gollogly* action could not be transferred to this District, as Gollogly and Mondelez are both Illinois citizens and the events at issue took place in Illinois, and courts considering transfer determine whether "venue is proper in the transferee district." *Snider v. Heartland Beef, Inc.*, No. 1:19-CV-07386, 2020 WL 469382, at *2 (N.D. Ill. Jan. 29, 2020); *see also Hirst v. SkyWest, Inc.*, 405 F. Supp. 3d 771, 776 (N.D. Ill. 2019) ("[W]here venue is improper in the transferee court, the action may not be transferred even if the interest of justice and convenience of the parties and witnesses would favor transfer."). As *Gollogly* could not have been filed in California, if the two actions are to be consolidated, this action must be transferred to Illinois.

Waggener van Meter argues that the possibility for the Illinois court to stay *Gollogly* pending proceedings in this case "undermines Mondelez's argument that it is seeking to transfer this case to increase efficiency." ECF 54 at 11 ("If Mondelez genuinely cared about efficiency, it would have moved to stay or transfer *Gollogly* instead of trying to erase eight months of progress in this case.").[2] Other procedural options Mondelez might have pursued are not a factor relevant

---

[2] Although this case was filed in January 2024, it is still in its early stages. The parties have engaged in some preliminary discovery, but agreed to delay custodial document discovery, and the

7

Case: 1:25-cv-02873 Document #: 64 Filed: 03/17/25 Page 8 of 8 PageID #:833

to the Court's decision, nor does Waggener van Meter cite any authority for the Court to weigh this in its determination. "[T]he pertinent question is not simply whether *this* action would be more conveniently litigated in [Illinois] than California, but whether it would be more convenient to litigate the California and [Illinois] actions separately or in a coordinated fashion." *See Elecs. for Imaging, Inc. v. Tesseron, Ltd.*, No. C-07-5534-CRB, 2008 WL 276567 (N.D. Cal. Jan. 29, 2008). The Court finds it would be more convenient to litigate the cases in a coordinated manner "to prevent duplicative and unnecessary efforts," *id.*, and consequently determines this factor weighs strongly in favor of transfer. *See Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.").

As the first factor weighs slightly against transfer, the fourth and seventh factors weigh in favor of transfer, and the remaining factors are neutral,[3] the Court therefore finds transfer of the case is proper under 28 U.S.C. § 1404(a). Accordingly, Mondelez's motion to transfer the instant action to the Northern District of Illinois is **GRANTED** and Mondelez's motion to dismiss and Waggener van Meter's motion to strike are **DISMISSED AS MOOT**.

**IT IS SO ORDERED.**

Dated: March 17, 2025

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

---

Court has not issued a scheduling order. *See* ECF 53 at 9; ECF 54 at 7.

[3] Neither party addresses the eighth factor, the relative court congestion and time of trial in each forum. As it is Mondelez's burden to show transfer is warranted, *see Williams*, 157 F. Supp. 2d 1103, 1109 (N.D. Cal. 2001), the Court does not analyze this factor.

8